IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HIGH SEAS, LLC,<br>　　Plaintiff, § § § § CHARLIE BRAVO AVIATION, LLC, § CURT BANGLESDORF, § § § Defendants. | CIVIL ACTION NO. 1:21-CV-92_____ |

HIGH SEAS, LLC, §
　　Plaintiff, §
§
§ CIVIL ACTION NO. 1:21-CV-92_____
§
CHARLIE BRAVO AVIATION, LLC, §
CURT BANGLESDORF, §
　　Defendants. §

## ORIGINAL COMPLAINT

Plaintiff High Seas, LLC ("**High Seas**" or "**Plaintiff**") files this complaint against Charlie Bravo Aviation, LLC and Curt Banglesdorf (collectively "**Defendant**s").

### Overview

In April 2020, this Court dismissed *with prejudice* Charlie Bravo Aviation's claims against Plaintiff relating to Plaintiff's aircraft purchase. Despite this dismissal with prejudice, six months later in October 2020, Defendants filed a lien on the aircraft in the Federal Aviation Administration Civil Aircraft Registry (the "**FAA Registry**") for the alleged debt that was the subject of the prior litigation. Plaintiff brings this action (i) to obtain a declaratory judgment that Defendants' lien is invalid; (ii) to obtain an order authorizing and directing Defendants to remove the lien from the FAA Registry; and (iii) for violations of Chapter 12 of the Texas Civil Practice & Remedies Code.

### I.   Parties

1.   Plaintiff High Seas, LLC ("**High Seas**") is a North Carolina limited liability company. Brian Pecheles and his wife are the sole members of High Seas and are citizens of North Carolina.

2. Defendant Charlie Bravo Aviation, LLC ("**Charlie Bravo Aviation**") is a Texas limited liability company that maintains its headquarters in Georgetown, Texas. Charlie Bravo Aviation may be served with process by serving its registered agent Rene Banglesdorf, 107 Spearpoint Cove, Georgetown, Texas 78628.

3. Defendant Curt Banglesdorf ("**Banglesdorf**") is an individual and may be served with process at 107 Spearpoint Cove, Georgetown, Texas 78628.

## II.  Jurisdiction and Venue

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of North Carolina, Defendants are citizens of Texas, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. This Court has personal jurisdiction over each of the Defendants because they are both residents of Texas.

6. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1) because this is the judicial district where both Defendants reside.

## III.  Facts

7. *The Prior Suit and Dismissal with Prejudice*. In December 2019, Charlie Bravo Aviation filed suit against High Seas and Brian Pecheles in state court in Williamson County, Texas alleging various claims against High Seas in connection with High Seas' purchase of a Citation aircraft (the "**Citation**")[1] from a third-party.

8. Charlie Bravo Aviation claimed that because it had initially brought the Citation listing to the attention of Pecheles in October 2018 when the aircraft was off the

market, Charlie Bravo Aviation was entitled to a sales commission on Pecheles' ultimate purchase of the Citation over a year later through his Connecticut-based broker in March 2019.² However, Pecheles had never engaged Charlie Bravo Aviation as a broker and had come back across the Citation independently when the aircraft was publicly listed for sale in November 2019.

9. High Seas and Pecheles removed the matter to federal court and filed a motion to dismiss for lack of personal jurisdiction.

10. The case was docketed as civil action no. 1:20-cv-00118 in the United States District Court for the Western District of Texas, Austin Division (the "**Prior Suit**").

11. Charlie Bravo Aviation did not file a response to the motion to dismiss, and this Court issued an order on March 11, 2020 (the "**Show Cause Order**") requiring Charlie Bravo Aviation to show cause why its claims should not be dismissed for want of prosecution, or "alternatively, why the Court should not grant the Motion to Dismiss." (Dkt. No. 11, 1:20-cv-00118-JRN)  The Order also warned that failure to respond may result in dismissal with prejudice.  (*Id.*)

12. Charlie Bravo Aviation did not file a response to the Show Cause Order.

13. Then, on April 9, 2020, the Court ordered the Prior Suit dismissed *with prejudice* for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (the "**Dismissal Order**").

---

¹ Cessna Citation CJ3 aircraft, serial number 525B-0276, registration number N765JP.

14. A true and correct copy of the Dismissal Order is attached as **Exhibit A**.

15. As a dismissal with prejudice for failure to prosecute, the dismissal with prejudice is a final judgment on the merits that is entitled to preclusive effect.

16. *The Sale of the Citation and Discovery of the False Lien*. On or around December 2020, High Seas entered into a contract to sell the Citation to a third-party purchaser.

17. During the third-party purchaser's diligence process, a title search revealed that Defendants had filed a contractor's lien statement in the FAA Registry, dated October 28, 2020, against the Citation for a purported contractor's lien under Texas law in the amount of $187,500.00.

18. A true and correct copy of the contractor's lien statement placed on the Citation is attached as **Exhibit B** (the "**Citation Lien**").

19. The Citation Lien recites that Charlie Bravo Aviation has a claim of lien against the Citation in the amount of $187,500.00 for "such Work and Labor / Material / Labor and Materials . . . properly Performed / Furnished all of which was accepted in pursuance of a contract with [High Seas]."[3]

20. The Citation Lien is in the name of Charlie Bravo Aviation but is signed by Curt Banglesdorf as claimant.

21. Defendants are not in the business of storing, fueling, repairing, or performing maintenance work on aircraft.

---

[2] Specifically, Charlie Bravo Aviation asserted causes of action under Texas law for breach of a confidentiality agreement, promissory estoppel, and fraud.

3682980.v1

22.   At no time have High Seas and Defendants ever had a contract for Defendants to store the Citation or to furnish or perform any repairs, maintenance, work, labor, fuel or material on, to, or with respect to the Citation.

23.   At no time did Defendants ever store the Citation or furnish or perform any repairs, maintenance, work, labor, fuel or material on, to, or with respect to the Citation.

24.   At no time did Defendant serve notice of the Citation Lien upon High Seas or, upon information and belief, the holders of liens on the Citation.

25.   The Citation Lien is invalid for at least the following reasons: (a) all claims by Defendants related to the Citation were resolved against Charlie Bravo Aviation in the Prior Suit; (b) the Citation Lien does not meet the requirements under Texas law for a valid contractor's lien; (c) the Citation Lien does not meet the requirements under Texas Law for a valid aircraft repair and maintenance lien under Texas Property Code § 70.301; (d) the Citation Lien was not properly signed; (e) the Citation Lien was not timely filed; (f) notice of the Citation Lien was not served; and (g) Texas law does not afford a broker the right to assert a lien on an aircraft for brokerage services.

26.   Under the sales contract with the third-party purchaser, High Seas is obligated to remove and/or indemnify any lien claims against the Citation.

27.   Upon discovery of the Citation Lien and prior to the December 30, 2020 closing, Defendants were contacted and asked to voluntarily remove the lien, but Defendants refused.

28.   As a result of the Citation Lien and Defendants' refusal to remove the

---

[3] Charlie Bravo Aviation asserted similar damages of $185,000.00 in the Prior Suit.

same, High Seas was required to hold back and escrow $225,000.00 of the sale proceeds (the "**Holdback Amount**") at the closing.

29. Prior to filing this action, High Seas made written request upon Defendants to voluntarily release or cancel the Citation Lien in the FAA Registry.

30. A true and correct copy of that written request is attached as **Exhibit C**.

31. Defendants have not responded to High Seas' written request for voluntary release or cancellation of the Citation Lien from the FAA Registry.

### IV.   Claims

**Count 1 – Declaratory Judgment—Invalidity of Lien**

32. Plaintiff incorporates by reference each of the factual allegations contained in the preceding paragraphs.

33. Plaintiff seeks a declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, that Citation Lien is invalid.

34. The parties' dispute with respect to the validity of the lien placed by Defendants on the Citation presents an actual controversy within the meaning of 28 U.S.C. § 2201.

35. A judgment of this Court will serve a useful purpose in clarifying and settling the legal relations at issue in this case, namely that all claims by Defendants related to the Citation were resolved against Charlie Bravo Aviation by the Dismissal Order.

36. Accordingly, Plaintiff requests that, pursuant to 28 U.S.C. § 2201, this

Court declare that the Citation Lien is invalid, null, and void.

### Count 2 – Mandatory Injunction

37. Plaintiff incorporates by reference each of the factual allegations contained in the preceding paragraphs.

38. Pursuant to Plaintiff's contract with the third-party purchaser, the escrow agent shall disburse the Holdback Amount to Plaintiff upon the earliest of the following to occur: (a) the escrow agent's receipt of a copy of a release of the Citation Lien, reasonably satisfactory to the third-party purchaser and the third-party purchaser's lender, filed by Defendants in the FAA Registry; (b) the escrow agent's receipt of a written order entered by a court of competent jurisdiction (which is no longer subject to appeal and as to which no appeal is pending), reasonably satisfactory to the third-party purchaser and the third-party purchaser's lender, authorizing and directing the FAA to remove the Citation Lien from the FAA Registry; (c) the escrow agent's receipt of a written order entered by a court of competent jurisdiction (which is no longer subject to appeal and as to which no appeal is pending) authorizing and directing the escrow agent to disburse the Holdback Amount (or any portion thereof) in accordance with the term of the order; or (d) the escrow agent's receipt of a joint written instruction signed by Plaintiff, the third-party purchaser, and the third-party purchaser's lender stating a distribution of the Holdback Amount.

39. The Citation Lien is a cloud upon the title to the Citation and will remain a cloud as to the current owner and all future potential purchasers until the same is affirmatively removed from the FAA Registry.

40. Damages, alone, are an inadequate remedy, primarily in that the harm to the public will continue until the lien is affirmatively removed from the FAA Registry.

41. Equity and the public interest would be served by an order of this Court authorizing and directing Defendants to remove the Citation Lien from the FAA Registry.

**Count 3 –Texas Civil Practice & Remedies Code §§ 12.002 and 12.003**

42. Plaintiff incorporates by reference each of the factual allegations contained in the preceding paragraphs.

43. Defendants filed a lien in the FAA Registry with knowledge said document was a fraudulent claim against the Citation due to the prior dismissal by this Court of Charlie Bravo Aviation's claims with prejudice.

44. Defendants intended that such document filed in the FAA Registry be given legal effect.

45. Defendants committed such acts with the intent to cause Plaintiff to suffer financial injury and with awareness of the harmful effect such a lien could have on Plaintiff and the public.

46. The false lien on the Citation, caused, and continues to cause Plaintiff to suffer financial injury.

47. Defendants are liable to Plaintiff pursuant to Texas Civil Practice & Remedies Code §§ 12.002 and 12.003.

48. Plaintiff is an obligor or debtor of the claim represented by the lien within the meaning of Texas Civil Practice & Remedies Code §§ 12.003(a)(8).

49. Defendants are liable for the greater of actual damages or statutory damages

in the amount of $10,000 for each violation of the fraudulent lien statute. Tex. Civ. Prac. & Rem. Code § 12.002(b)(1).

50. Plaintiff is entitled to recover all of its reasonable attorneys' fees and costs. Tex. Civ. Prac. & Rem. Code §§ 12.002(b)(2)-(3).

51. Plaintiff also seeks exemplary damages. Tex. Civ. Prac. & Rem. Code § 12.002(b)(4).

## V.   Damages, Attorney's Fees, and Costs

52. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

53. As a result of Defendants' conduct, Plaintiff has been injured and is entitled to recover all resulting damages. Plaintiff is also entitled to recover reasonable and necessary attorneys' fees and costs of court, as well as pre- and post-judgment interest.

## VI.   Prayer

WHEREFORE, the Plaintiff prays Defendants be cited to appear and answer herein, and that upon final hearing that Plaintiff be awarded the following relief from the Court:

   i.   a declaratory judgment that the Citation Lien is invalid, null, and void;

   ii.  an order authorizing and directing Defendants to remove the Citation Lien from the FAA Registry;

   iii. money damages in such amount as may be shown by evidence;

   iv.  attorneys' and costs as allowed by applicable law;

   v.   costs of court;

vi.     prejudgment and post-judgment interest as allowed by law; and

vii.    such other and further relief to which Plaintiff may be justly entitled.

           Respectfully submitted,

           GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
           401 Congress Avenue, Suite 2700
           Austin, Texas 78701
           (512) 480-5725 Telephone
           (512) 536-9938 Telecopier

           By:     /s/ Matthew C. Powers
                   Matthew C. Powers
                   State Bar No. 24046650
                   mpowers@gdhm.com
                   Marianne W. Nitsch
                   State Bar No. 24098182
                   mnitsch@gdhm.com

                   ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLIE BRAVO AVIATION, LLC,** *Plaintiff* | § § § | |
| | § | A-20-CV-00118-JRN |
| -vs- | § § | |
| **BRIAN LOUIS PECHELES, HIGH SEAS, LLC,** *Defendants* | § § § § | |

## ORDER

Before the Court is the above-entitled and styled cause of action. On March 11, 2020, the Court entered a Show Cause order, which directed Plaintiff to "SHOW CAUSE, in writing, on or before March 17, 2020, as to why the Court should not dismiss Plaintiff's claims for want of prosecution, or alternatively, why the Court should not grant [Defendant's] Motion to Dismiss, as unopposed." *See* (Order, Dkt. 11, at 1). Plaintiff has not responded to the Show Cause Order, nor has it appeared in this Court in any way since the case was removed on February 3, 2020.

As a result, **IT IS ORDERED** that the case is **DISMISSED WITH PREJUDICE** for want of prosecution. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

SIGNED this 9th day of April, 2020.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE

EXHIBIT A, PAGE 1

EXHIBIT A, PAGE 2

# CONTRACTOR'S LIEN STATEMENT

State of Texas
County of Williamson

( 1 ) Charlie Bravo Aviation LLC, a corporation organized and existing under the laws of the state of Texas in the county of Williamson has a claim of lien against: ( 2 ) High Seas LLC c/o Pecheles Automotive Group for the sum of One Hundred Eighty Seven Thousand US Dollars ($187,500.00) and that such Work and Labor / Material / Labor and Materials was properly Performed / Furnished all of which was accepted in pursuance of a contract with: ( 2 ) High Seas LLC c/o Pecheles Automotive Group, the legal owner, and performed upon or furnished for and on the aircraft owned by
( 2 ) High Seas LLC c/o Pecheles Automotive Group and described as follows to-wit: Cessna, Citation CJ3 Serial Number 525B-0276 with U.S Registration Number N765JP.

In said County and State; that said sum is just and due and unpaid and ( 1 ) Charlie Bravo Aviation LLC has and claims a lien upon said aircraft, in the amount of One Hundred Eighty Seven Thousand Dollars ($187,500.00) as above set forth, according to the laws of the State of Texas.

Dated this the 28th day of October 2020.

**Curt Jacob Banglesdorf**
(Name of Claimant)

_____
(Signature and Title)

## ACKNOWLEDGMENT

State of __Texas__
County of __Williamson__

On this __28__ day of __October__, __2020__, before me, a Notary Public, the above named signer did personally appear, said party known to me to be the person who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed and if the said statement is made on behalf of a corporation, swore that he is duly authorized to execute the same on behalf of the corporation. Given under my hand and official seal the year and date first above written.

_____
NOTARY PUBLIC

My Commission Expires:
__7-1-2022__

YOLANDA STEVENSON
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-01-22
Notary ID # 12987275-2

Form Provided Courtesy of Aero-Space Reports, Inc.

**EXHIBIT B**

# WARD AND SMITH, P.A.

J. MICHAEL FIELDS, Attorney at Law

Post Office Box 8088
Greenville, NC 27835-8088
Overnight Delivery:
120 West Fire Tower Road
Winterville, NC 28590

P: 252.215.4026
F: 252.215.4077
jmf@wardandsmith.com

January 20, 2021

<u>Via U.S. First Class Mail
and Via Overnight Delivery</u>

Curt Banglesdorf
107 Spearpoint Cove
Georgetown, Texas 78628

Charlie Bravo Aviation, LLC
160 Terminal Road, Suite 100
Georgetown, Texas 78628

Charlie Bravo Aviation, LLC
Attn: Rene M Banglesdorf, Registered Agent
107 Spearpoint Cove
Georgetown, Texas 78628

RE: Cessna Citation CJ3 aircraft, serial number 525B-0276,
 registration number N765JP
 Our File 923162-00003

Dear Mr. Banglesdorf and Charlie Bravo Aviation:

Please be advised that this law firm has been retained to represent High Seas, LLC ("High Seas") in connection with the false lien filed by Curt Banglesdorf and Charlie Bravo Aviation with the Federal Aviation Administration on Cessna Citation CJ3 aircraft, serial number 525B-0276, registration number N765JP (the "Citation Aircraft"), dated October 28, 2020 (the "Citation Lien," attached as Exhibit A). Please direct all future communications regarding this matter to my attention.

At the time the Citation Lien was executed, all of Charlie Bravo Aviation's claims against High Seas related to the Citation Aircraft had already been dismissed with prejudice by the United States District Court for the Western District of Texas, Austin Division. *See* Exhibit B, Dismissal Order dated April 9, 2020, 1:20-cv-00118-JRN. A dismissal with prejudice under Rule 41(b) operates as a final judgment on the merits. As a result, Charlie Bravo Aviation had no basis for the claims improperly set forth in the Citation

**WARD AND SMITH, P.A.**

Curt Banglesdorf
Charlie Bravo Aviation, LLC
January 20, 2021
Page 2

Lien—in fact, all claims related to the Citation Aircraft were resolved against Charlie Bravo Aviation six months earlier by the dismissal order.

Accordingly, High Seas demands that Charlie Bravo Aviation release the Citation Lien no later than **January 22, 2021**. If High Seas does not provide proof of release and/or cancellation of the Citation Lien in FAA Records by that date, High Seas will be forced to file suit against both Charlie Bravo Aviation and Mr. Banglesdorf for violations of Texas's false-lien statute (Texas Civil Practice & Remedies Code § 12.002), violations of Texas Property Code § 70.301, declaratory relief, fraud, and any other appropriate causes of action. If High Seas is forced to file suit, it will also seek recovery of applicable statutory damages, exemplary damages, attorneys' fees, costs, and pre- and post-judgment interest. *See, e.g.*, *Abuzaid v. Anani, LLC*, No. 05-16-00667-CV, 2017 WL 5590194, at *8 (Tex. App. Nov. 21, 2017) (upholding $50,000 exemplary damages award in fraudulent lien case in addition to award of damages and attorneys' fees).

If you would like to discuss any matter in this letter, please contact our office.

Yours truly,

J. Michael Fields



# CONTRACTOR'S LIEN STATEMENT

State of Texas
County of Williamson

( 1 ) Charlie Bravo Aviation LLC, a corporation organized and existing under the laws of the state of Texas in the county of Williamson has a claim of lien against: ( 2 ) High Seas LLC c/o Pecheles Automotive Group for the sum of One Hundred Eighty Seven Thousand US Dollars ($187,500.00) and that such Work and Labor / Material / Labor and Materials was properly Performed / Furnished all of which was accepted in pursuance of a contract with: ( 2 ) High Seas LLC c/o Pecheles Automotive Group, the legal owner, and performed upon or furnished for and on the aircraft owned by
( 2 ) High Seas LLC c/o Pecheles Automotive Group and described as follows to-wit: Cessna, Citation CJ3 Serial Number 525B-0276 with U.S Registration Number N765JP.

In said County and State; that said sum is just and due and unpaid and ( 1 ) Charlie Bravo Aviation LLC has and claims a lien upon said aircraft, in the amount of One Hundred Eighty Seven Thousand Dollars ($187,500.00) as above set forth, according to the laws of the State of Texas.

Dated this the 28th day of October 2020.

_____          _____
    **Curt Jacob Banglesdorf**                  (Signature and Title)
       (Name of Claimant)

## ACKNOWLEDGMENT

State of **Texas**
County of **Williamson**

On this **28** day of **October**, **2020**, before me, a Notary Public, the above named signer did personally appear, said party known to me to be the person who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed and if the said statement is made on behalf of a corporation, swore that he is duly authorized to execute the same on behalf of the corporation. Given under my hand and official seal the year and date first above written.

_____
        NOTARY PUBLIC

My Commission Expires:

**7-1-2022**

Form Provided Courtesy of Aero-Space Reports, Inc.

YOLANDA STEVENSON
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-01-22
Notary ID # 12987275-2

EXHIBIT C, PAGE 3



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLIE BRAVO AVIATION, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>BRIAN LOUIS PECHELES, HIGH SEAS, LLC,<br>*Defendants* | § § § § § § § § § | A-20-CV-00118-JRN |

### ORDER

Before the Court is the above-entitled and styled cause of action. On March 11, 2020, the Court entered a Show Cause order, which directed Plaintiff to "SHOW CAUSE, in writing, on or before March 17, 2020, as to why the Court should not dismiss Plaintiff's claims for want of prosecution, or alternatively, why the Court should not grant [Defendant's] Motion to Dismiss, as unopposed." *See* (Order, Dkt. 11, at 1). Plaintiff has not responded to the Show Cause Order, nor has it appeared in this Court in any way since the case was removed on February 3, 2020.

As a result, **IT IS ORDERED** that the case is **DISMISSED WITH PREJUDICE** for want of prosecution. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

SIGNED this 9th day of April, 2020.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE

**EXHIBIT C, PAGE 4**